# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

COREY RAYNEL KENT,  )
          Plaintiff,  )
v.  )  Case No. CV411-047
LARRY CHISOLM, *et al.*,  )
          Defendants.  )

## REPORT AND RECOMMENDATION

Proceeding pro se, Corey Raynell Kent filed this 42 U.S.C. § 1983 action against a prosecutor and others connected to his state criminal prosecution. Doc. 1. The Court granted him leave to proceed *in forma pauperis* (IFP), doc. 4, and he has completed his IFP paperwork, docs. 5-6, so his case must now be screened under 28 U.S.C. § 1915A. That statute directs courts to identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief. *Id.*

Having already been told by this Court that he cannot seek federal habeas relief without first exhausting his state court remedies, *Kent v. State of Georgia*, CV410-275, doc. 5 (S.D. Ga. Dec. 2, 2010), *adopted*, doc. 9 (S.D. Ga. Jan. 10, 2011), Kent has responded with this case. *See* CV410-275, doc. 5 attachment (state court charges); this R&R's attached state-court print-out (same charges). Enumerating nothing but generic deficiencies in the state prosecution against him (e.g., he was denied bond, his appointed counsel is pressuring him to plead guilty, there has been no indictment,[1] etc.), Kent seeks no money but just asks this Court to enjoin the state prosecution against him because, he insists, his "due process" and other rights are being violated. Doc. 1.

"Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Consequently, this Court may not interfere with the state court criminal proceeding unless:

---

[1] *But see* the attached record from the Chatham County court system, showing an indictment handed down just days after he filed this case.

2

(1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010). None of the exceptions to the *Younger* doctrine apply in this case, where Kent has simply raised the sorts of complaints routinely reached by the state trial and appellate courts, which are perfectly capable of determining whether his federal rights have been violated. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("State courts, like federal courts, are obliged to enforce federal law.").

For that matter, to the extent Kent seeks immediate release from confinement, he is in substance bringing a 28 U.S.C. § 2241 habeas action, not a § 1983 claim. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir.2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact

or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). As the Court explained in its Report and Recommendation in Kent's companion case, *Kent v. State of Georgia*, CV410-275, he has not exhausted his remedies, so any claim under § 2241 must be dismissed. *Id.* doc. 5, *adopted*, doc. 9.

Finally, any attempt to amend his complaint to seek only money damage claims would fail. The only two named defendants[2] here are his prosecutor and public defender. The prosecutor, not alleged here to have acted outside of his assigned function, would be immune. *Rehberg v. Paulk*, 611 F.3d 828, 837 (11th Cir. 2010) ("Traditional common-law immunities for prosecutors apply to civil cases brought under § 1983"), *cert. granted*, ___ U.S. ___, 2011 WL 940891 at *1 (Mar. 21, 2011). And since the public defender could not be said to have acted under color of state law, any § 1983 claim against him would fail on those grounds. *Polk*

---

[2] Kent also captions as defendants "all officers of the court in the Eastern Judicial Circuit, Georgia," but this broad-blast, "sue-everyone-else-possibly-involved" add-on thought violates Fed. R. Civ. P. 8 & 10 pleading requirements, which means it at best is an unguided missile, thus a legal nullity.

4

*County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," so he cannot be sued under § 1983, which requires conduct under color of state law); *Livingston v. Gillespie*, 2010 WL 3118580 at * 2 (S.D. Fla. Jun.30, 2010).

Kent's claim for injunctive relief should therefore be **DISMISSED**,[3] as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 2010 WL 4146153 at * 1-2 (11th Cir. Oct. 22, 2010) (pro se IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may

---

[3] It is the regular practice of federal courts to dismiss cases seeking injunctive relief against pending state criminal actions. *Jackson*, 273 F. App'x at 813-14 (applying *Younger*); *Hudson v. Wanick*, 444 F.2d 218, 218 (5th Cir. 1971) (dismissal without prejudice is the proper course of action in a case seeking to enjoin a state criminal prosecution); *Morales v. Sheldon*, 2011 WL 573840 at * 1-2 (M.D. Fla. Feb. 15, 2011).

not have been futile given additional documentary evidence attached to her appellate brief).

**SO REPORTED AND RECOMMENDED** this  31st  day of March, 2011.

*/s/ Signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA



# Chatham County
## Court Case Search System

133 Montgomery St.
Savannah, GA 31401

New Search | Contact Information | Map & Directions | S.O.R.T.

## Case Details

### Case Information

| | |
|---|---|
| Court: | Superior |
| Case Number: | CR110522 |
| Case Type: | OBSTRUCTION-F |
| Judge: | HONORABLE JAMES BASS |
| Style: | State VS KENT, COREY RAYNEL |
| Assistant District Attorney: | DAVID SNEED |
| Date Filed: | 3/2/2011 |
| Status: | ACTIVE |
| Superior Court Fines: | Check for Court Fines |
| Next Event: | 5/2/2011 CALENDAR CALL |

### Defendant Information

| | |
|---|---|
| DIN: | X0104169 |
| Name: | KENT, COREY RAYNEL |
| Date of Birth: | |
| SSN: | Blocked |
| Race: | AFRICAN AMERICAN |
| Gender: | MALE |
| Height: | 74 |
| Weight: | 205 |
| Eye Color: | BROWN |
| Hair Color: | BLACK |
| Address: | |
| Prior Address: | |

Chatham County Sheriff X0104169

### Attorney Information
MICHELLE TAYLOR - 540 East Oglethorpe Ave  Savannah  GA  31401

### Bondsman Information
N/A

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-5-23 | SIMPLE BATTERY | 1 | MISDEMEANOR | 7/25/2010 12:48:47 AM | |
| 16-10-24(B) | OBSTRUCTION OF OFFICER | 1 | FELONY | 7/25/2010 12:50:06 AM | |

### Proceedings

| Code | Date | Time | Action | Judge | Details | Docs |
|---|---|---|---|---|---|---|
| CALENDAR CALL | 5/2/2011 | 11:00AM | | HONORABLE JAMES BASS | | |
| SCREENING | 3/2/2011 3:56:25 PM | | | | Initial Case Screening / Scanning | |
| INDICTMENT | 3/2/2011 | | | | | |

New Search

Chatham County Court Case Lookup System
133 Montgomery Street, Savannah, Ga 31401

**Disclaimer**